H. E. RAINS et ux., Appellants,

v.

Burke HUTSON, Appellee.

No. 6915.

Court of Civil Appeals of Texas.

Beaumont.

April 4, 1968.

Rehearing Denied April 17, 1968.

Cayton, Gresham & Fulbright by Willis E. Gresham, Jr., Lamesa, for appellant.

Leon B. Douglas, State's Atty., Austin, for the State.

------

Martin Dies, Jr., Lufkin, for appellant.

Garrison, Renfrow, Zeleskey, Cornelius & Rogers, Lufkin, for appellee.

PARKER, Justice.

The plaintiffs below, H. E. Rains and wife, Agnes Gertrude Rains, sued Burke Hutson, defendant, alleging that Agnes Gertrude Rains sustained bodily injuries and property damage as a result of an automobile collision proximately caused by the negligence of such defendant. Upon a jury verdict, judgment was entered in favor of the defendant whereby the plaintiffs took nothing against the defendant. The parties will be designated as plaintiffs and defendant as in the trial court.

■ Plaintiffs contend that the court committed error in denying plaintiffs the right to prove by the witness Merrill that from the position where the defendant says he stopped his car and proceeded when the light turned green that it was impossible for the defendant to see the light. This contention is overruled. Merrill was a photographer. He took five photographs of the intersection where the accident took place. Each photograph was taken from a different position. This was a five-way intersection of Timberland Drive, Lufkin Avenue and Church Street within the City of Lufkin, Angelina County, Texas. The main issue in the trial of the case was which of the two drivers, plaintiff or defendant, proceed-

ed into the five-way intersection with a green light and which with a red light. In plaintiffs' brief, it is said that photographer Merrill was standing in the exact position that defendant Hutson had earlier testified that he stopped, awaiting the light to turn green on Lufkin Avenue. The testimony, as it appears in the record, shows that the position of the defendant Hutson while waiting for the light was on the shoulder of Timberland Drive near the intersection and does not establish his position with any more certainty. The defendant's evidence is that he observed the green light when he started his turn, but did not indicate the exact point he saw the green light when he turned. The evidence is that the traffic light in question is the normal ordinary traffic light allowing traffic to proceed east and west. There was no proof Merrill took any photograph from the exact position defendant testified he saw the green light at the time and on the occasion in question. Merrill did not see the accident. There was no testimony to show the traffic control signal light was in the same position the day the photographs were taken by Merrill as such signal lights were located on the date of the accident, July 6, 1964. During the trial, drawings on a black board showing the intersection were before the jury and the court. Testimony was admitted referring to the black board drawings. These drawings on the black board are not a part of the record on appeal.

■ The jury found that the plaintiff Mrs. Rains failed to keep a proper lookout before the collision in question and that this failure was a proximate cause of the collision; that the stop light at the intersection of Timberland Drive and Lufkin Avenue was red for traffic traveling on Timberland Drive immediately before Mrs. Rains entered the intersection and Mrs. Rains failed to stop for such red light, which was negligence and a proximate cause of the collision. Other defensive issues were answered in favor of the defendant. In answer to Special Issues Nos. 24 thru 27, both inclusive, the jury found that as com-

pensation for Mrs. Rains' injuries and damages, past and future medical and hospital services and the cost of repairing her car, she was entitled to nothing. Plaintiffs contend the trial court erred in refusing to grant a new trial because the jury's answers thereto were not supported by evidence. The evidence shows that Mrs. H. E. Rains sustained some injuries as a result of the collision in question as well as medical expenses and property damage. The jury found the defendant was not guilty of negligence; that the plaintiff was guilty of contributory negligence. Therefore, the answers of the jury to the damage issues contained in Special Issues Nos. 24 thru 27 are immaterial whether or not such answers were supported by evidence. The court properly refused to grant a new trial because of the jury's answers to Special Issues Nos. 24 thru 27.

Judgment of the trial court is affirmed.